BEFORE THE THIRD DIVISION, FEBRUARY 18, 1941

No. 45420.—Protest 981550–G of F. Mastronardi, Inc. (New York).

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed on certain decayed onions concerning which the importer filed a notice of abandonment within 30 days after entry under the provisions of section 506 (1) of the Tariff Act of 1930.

The importer, Mr. Frank Mastronardi, testified that the importation consisted of 400 baskets of onions; that they were in poor condition and he instructed his customs broker to file an abandonment of the decayed onions; that the shipment was transferred from the pier to the warehouse of his truckman which was empty at the time; that he sold only 18,292 pounds of good onions out of that shipment. Copies of his sales invoices, with the weights attached, were admitted in evidence and marked "collective exhibit 1."

The plaintiff called also Mr. Walter J. Mercer, the vice president of the customs brokerage firm who made the entry, to show what efforts he made to avoid payment of the duty on the rotten onions. He testified that the steamship companies objected strenuously to permitting importers to use the docks to repack merchandise and the goods were removed to the warehouse of the trucking company. He identified certain papers which were filed with the collector to comply with the regulations under section 506 (1) of the Tariff Act of 1930.

The record shows that the entry was made on September 16, 1937, and, on the same day, a notice of abandonment of 5 percent or more of the shipment was filed at the customhouse, which notice gives the entry number, the name of the vessel on which the goods arrived, and the date of entry (exhibit 4). On September 23 another notice was filed which states that the shipment contained a large percentage of decayed onions and requested that a customs guard be assigned to supervise the repacking thereof at the warehouse at 72 Huntington Street, Brooklyn, N. Y. (collective exhibit 5). Collective exhibit 6 contains a letter from the collector, dated September 24, 1937, notifying the surveyor of customs to direct a guard to supervise the repacking of the merchandise. The report of a captain of the guard, dated October 4, 1937, appears on the back of one of the papers in collective exhibit 6. It states that the lieutenant of the customs guards telephoned to Mr. Mercer and was informed that the condemned onions were destroyed on October 1, 1937. A copy of a notice of the department of health, stating that 51 baskets and 3 barrels of onions were condemned on October 1, 1937, and should be removed from the premises was marked "exhibit 2." On November 18, 1937, a letter was filed with the collector inclosing a certificate of the department of health showing that approximately 4,200 pounds of onions had been destroyed at 72 Huntington Street, Brooklyn, N. Y., on October 1, 1937. This certificate, which is dated October 14, 1937, was marked "exhibit 3" and the letter accompanying it, with other papers, was marked "collective exhibit 8." One of the letters in collective exhibit 8 is a letter signed by Mr. Mercer, dated September 23, 1938, forwarding a copy of the letter of November 18, 1937, and requesting a reply thereto. There is also a carbon copy of a reply by the collector, dated December 21, 1938, stating that the entry had been liquidated on November 21, 1938, making no allowance for the condemned onions, and if the importer was dissatisfied his remedy lies in protest under section 514 of the Tariff Act of 1930.

Mr. Emanuel Lazzaro, the manager of the Glory Trucking Co., testified that he received instructions from Mr. Mastronardi relative to the trucking of the onions in the shipment on September 19 or 20, 1937, and the onions were transferred to his warehouse which was vacant; that the onions were segregated under his supervision and he weighed the good onions; that the weights are given in exhibit

1; that on October 1, 1937, an inspector from the department of health called and threw a disinfectant over the rotten onions and they were dumped; that he received exhibit 2 from that inspector; that he secured the certificate from the department of health, dated October 14, 1937 (exhibit 3); that no customs guard called to inspect the repacking of the shipment prior to the destruction of the onions by the board of health.

The rotten onions in this case were not condemned by the board of health within 10 days after landing, and, therefore, section 506 (2) Tariff Act of 1930 is not applicable to relieve the importer from the payment of duty thereon. The plaintiff claims that relief should be granted under section 506 (1), which reads as follows:

SEC. 506. ALLOWANCE FOR ABANDONMENT AND DAMAGE.

Allowance shall be made in the estimation and liquidation of duties under regulations prescribed by the Secretary of the Treasury in the following cases:

(1) ABANDONMENT WITHIN THIRTY DAYS.—Where the importer abandons to the United States, within thirty days after entry in the case of merchandise not sent to the appraiser's stores for examination, or within thirty days after the release of the examination packages or quantities of merchandise in the case of merchandise sent to the appraiser's stores for examination, any imported merchandise representing 5 per centum or more of the total value of all the merchandise of the same class or kind entered in the invoice in which the item appears, and delivers, within the applicable thirty-day period, the portion so abandoned to such place as the collector directs unless the collector is satisfied that the merchandise is so far destroyed as to be nondeliverable;

The regulation of the Secretary of the Treasury applicable in this case is article 807, Customs Regulations of 1937, reading as follows:

Art. 807. Abandonment under section 506 (1). (a) A written notice of abandonment must be filed with the collector of customs at the port where the consumption entry is filed within 30 days after the date of entry as defined in article 286 or, in the case of examination packages, within 30 days after release, whether or not delivery is taken by the importer immediately after entry or release as the case may be. All such notices shall be stamped with the date of receipt in the customhouse.

(b) The collector shall cause the abandoned merchandise to be examined and identified with that described in the invoice used in making the entry. Merchandise abandoned under section 506 (1) must be identified to the satisfaction of the collector, and when repacking is necessary to segregate it from the balance of the shipment, such repacking should be done at the expense of the importer under customs supervision.

The question involved is whether the plaintiff is entitled to recover the duty assessed on the rotten onions in view of the fact that they were not identified to the satisfaction of the collector. The importer filed a notice of abandonment on the day of entry and he followed it up a week later by filing another notice, giving the location of the onions and agreeing to pay the expenses of the customs guard during his inspection of the segregation of the decayed portion of the shipment. It is manifest that the importer did everything required of him except to deliver the decayed onions to a place designated by the collector. But the collector did not designate any place of delivery and did not answer the broker's second notice until, about a year later, the broker sent him a copy of a third notice that he had filed and it was found at that time that the entry had been liquidated. The customs guard did not act under his instructions to supervise the repacking of the shipment until after the onions had been condemned and destroyed by the health department, so that the collector was unable to exercise his discretion of deciding whether or not the merchandise was nondeliverable. The broker also filed with the collector evidence of the condemnation and destruction of the decayed onions, in the form of a certificate of the Department of Health of the City of New York.

The facts of this case are in some respects similar to those in the case of *J. Demartini & Co.* v. *United States*, 71 Treas. Dec. 322, T. D. 48813, in which case the customs inspectors did not supervise the repacking or segregation of decayed vegetables which the importers abandoned to the Government. The court held that the segregation under customs supervision is the better policy but not obligatory.

We find from the record in this case that 4,200 pounds of onions from the shipment herein involved were decayed and were condemned by the health department within 30 days after entry and that they were so far destroyed that they were nondeliverable; that the destroyed portion constitutes more than 5 percent of the shipment; and that the importer complied with all of the customs regulations required of him to avoid the payment of duty thereon, the only part of the regulation not complied with being the portion requiring the Government officials to act. We hold that duty should not be assessed on the 4,200 pounds of onions reported by the health department to have been destroyed, and, to that extent, the protest is sustained and judgment will be entered in favor of the plaintiff.